<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| **WABCO HOLDINGS, INC.,** : | |
| : | **Hon. Dennis M. Cavanaugh** |
| **Plaintiff,** : | **Civil Action No. 09-3179 (DMC)** |
| : | |
| **-vs-** : | |
| : | |
| **BENDIX COMMERCIAL VEHICLE** : | <u>**OPINION**</u> |
| **SYSTEMS, LLC,** : | |
| : | |
| **Defendant.** : | |

---

<u>**Falk, U.S.M.J.**</u>

Before the Court is Defendant Bendix Commercial Vehicle Systems LLC's ("Bendix") motion to stay this action while the United States Patent and Trademark Office ("USPTO") conducts an *ex parte* reexamination of the patent at issue in the case. Plaintiff WABCO Holdings, Inc. ("WABCO") consents to a stay. However, WABCO requests that the Court bind Bendix to the final USPTO decision as to validity of the reexamined claims by precluding Bendix from challenging those claims in this suit based on any of the prior art references that the USPTO considers. Additionally, after the stay is lifted, WABCO argues that if the Court finds that Bendix infringed WABCO's reexamined patent, then the Court should require Bendix to withdraw any infringing products from the market for a period of four years. Pursuant to Fed. R. Civ. P. 78, the Court did not hear oral argument. For the reasons that follow, Bendix's motion to stay is **granted**. WABCO's requests are denied.

## <u>BACKGROUND</u>

WABCO and Bendix compete internationally as developers and suppliers of cutting-edge

brake systems for commercial vehicles.[1]  In June of 2009, WABCO brought suit against Bendix alleging infringement of United States Patent No. 5,503,537 ("the '537 patent"), which relates to a gas compressor that limits noise in the suction conduit of a vehicle during idling.  See United States Patent No. 5,503,537, CM/ECF No. 1-1.

The USPTO issued the '537 patent to WABCO's German parent company, WABCO GmbH, on April 2, 1996.  In June of 2009, WABCO GmbH assigned the '537 patent to its US affiliate, WABCO.  Four days later, on June 30, WABCO brought this suit alleging that the manufacture and sale of Bendix's 360 cc single cylinder compressor product for the Daimler Heavy Duty Engine Platform infringes the '537 patent. (Compl. ¶ 8.) Bendix filed an Answer denying infringement and alleging that WABCO's patent was invalid.  (Answer ¶¶ 7-10.)

One month prior to this action, in May of 2009, the German Patent Office narrowed the claims of WABCO's German counterpart patent to the '537 patent.  The German Office narrowed the claims based on prior art that the USPTO did not consider when originally issuing the '537 patent, a patent nearly identical to its German counterpart.  Bendix, accordingly, filed a request for reexamination of the '537 with the USPTO.  The Office granted a request for an *ex parte* reexamination on March 29, 2010 indicating that "[a] substantial new question of patentability affecting claims 1-6 of United States Patent Number 5,503,537 [was] raised." [CM/ECF No. 36-1]. The USPTO granted the request based on prior art similar to what the German Patent Office considered when narrowing the claims of WABCO's German counterpart patent and additional prior

---

[1] Recently, they have been competitors in the courtroom as well.  In 2008, Bendix added WABCO as a defendant in a patent infringement suit in the Northern District of Ohio.  WABCO, for its part, has secured two injunctions against Bendix's German parent company, Knorr-Bremse, in Germany relating to unfair competitive acts and a patent infringement suit.

2

art that Bendix submitted.

On March 31, 2010, Bendix moved to stay this matter during the pendency of the reexamination of the '537 patent. WABCO consents to the stay. However, it requests that Bendix be bound by the results of the USPTO reexamination regarding the claims of the patent. In other words, WABCO wishes to preclude Bendix from challenging the invalidity of claims 1-6 in court if the arguments are based on the prior art that the USPTO considers during reexamination. Additionally, a stay will prevent WABCO from obtaining an injunction during the reexamination process. Therefore, WABCO argues that the Court should require Bendix to agree to remove any products from the market for a period of four years that are found to infringe the '537 patent. Bendix opposes these requests.

## DISCUSSION

### A.  Stays Pending Patent Reexamination

Courts in this district have looked to three factors[2] when deciding whether to stay an action during patent reexamination proceedings: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." Sabert Corp. v. Waddington N. Am., No. 06-5423, 2007 WL 2705157, at *6 (D.N.J. Sept. 14, 2007); Cima Labs, Inc. v. Actavis Group HF, Nos. 07-893, 06-1970, 06-1999, 2007 WL

---

[2] A number of courts have noted the liberal policy towards stays during patent reexamination. See Sabert Corp. v. Waddington N. Am., No. 06-5423, 2007 WL 2705157, at *6 (D.N.J. Sept. 14, 2007) (citation omitted); Cima Labs, Inc. v. Actavis Group HF, Nos. 07-893, 06-1970, 06-1999, 2007 WL 1672229, at *9 (D.N.J. June 7, 2007) (citation omitted). This policy arises due to the potential waste in using a court's time and energy when a USPTO decision could drastically alter the nature of the case.

1672229, at *8 (D.N.J. June 7, 2007).

WABCO consents to a stay.  However, WABCO argues that in order to ensure that the stay actually simplifies issues at trial and does not prejudice it as the nonmoving party, the court should place two conditions upon the stay.

**B.  Invalidity Challenges After Reexamination**

WABCO argues that Bendix should be bound by the USPTO's decision on invalidity. Bendix would be unable to challenge the validity of any claims that survive the USPTO's reexamination based on prior art that the USPTO considers.  WABCO asserts that a stay without such a condition would have two effects.  First, WABCO would be prejudiced because Bendix would essentially have two opportunities to make the same arguments.  Second, the reexamination would not simplify the issues at trial since Bendix could use the same prior art references to argue invalidity at the summary judgment stage.

WABCO's arguments are unpersuasive.  Congress made a distinction between *ex parte* reexaminations and *inter partes* reexaminations.  In an *inter partes*, a third-party that requests the reexamination can file written comments with the USPTO addressing the patent owner's arguments or issues raised by the Office.  35 U.S.C. § 314(b)(2).  Accordingly, Congress estops the third-party from asserting, in a later civil action, the invalidity of any of the claims that the USPTO deems valid in the *inter partes* reexamination.  Id. § 315(c).[3]  *Ex parte* reexaminations do not allow for the third-party requester to present its side of the case; only the patent holder is involved in the proceeding. See 35 U.S.C. § 305.  Congress, therefore, does not estop a third-party requester in an *ex parte*

---

[3] The third-party requester is only barred from asserting invalidity of claims based on prior art that the third-party requester "raised or could have raised" in the *inter partes* reexamination.  35 U.S.C. § 315(c).

4

reexamination from challenging validity in a future civil action.  See 35 U.S.C. § 306.  If Congress thought that a third-party requester in an *ex parte* reexamination would receive two bites of the apple by being allowed to assert invalidity arguments in a later patent infringement suit, then it could have estopped the party in the same way that it does in *inter partes* reexaminations.  Congress chose not to.

In an analogous case in this District, a court granted a stay and dismissed plaintiff's request to bind defendants to the USPTO decision on validity of the claims.  GPAC, Inc. v. D.W.W. Enters., Inc., 144 F.R.D. 60, 65-66 (D.N.J. 1992).  The Court found that the USPTO decision would result in one of two outcomes–both of which are beneficial to the court and neither of which require binding the defendants to the decision.  Id.  First, the USPTO could declare the patents unpatentable, thus eliminating the need for the trial and justifying a stay of the proceeding at that time.  Id. at 65. See also Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983).  Second, the USPTO could find the claims to be valid, which obviously aids the court when considering the claims during litigation.  Id. at 65-66.  See also Gould, 705 F.2d at 1342.

In summary, staying this matter without binding Bendix to the outcome would not prejudice WABCO in any significant way and would simplify the issues at trial.

**C.  Removal of the Alleged Infringing Product After the Stay is Lifted**

WABCO also requests that this Court require Bendix to agree to withdraw all infringing products from the market for a period of four years upon a finding of infringement after the stay is lifted.  WABCO argues that such relief is justified because the stay will delay resolution of the case and, therefore, the time when it may seek an injunction.

In essence, WABCO seeks to have this Court issue an injunction enjoining Bendix from

5

infringing WABCO's patent for a period of four years, which may include periods of time before and after the expiration of the '537 patent, which occurs in 2014.

WABCO's request is denied for the following reasons.  First, a patent holder loses its right to injunctive relief upon the expiration of the patent.  <u>See</u> 35 U.S.C. § 283 (permitting a court to grant injunctions "to prevent the violation of any right *secured by a patent*") (emphasis added); <u>Kearns v. Chrysler Corp.</u>, 32 F.3d 1541, 1549-50 (Fed. Cir. 1994).  Therefore, to the extent that WABCO's request seeks to enjoin Bendix after the expiration of the '537 patent, it is improper as contrary to statutory authority.  Second, to the extent that a court may enjoin an entity from selling an infringing product prior to the expiration of a patent, the plaintiff that prevails in the patent infringement suit must still meet the four-factor test for a permanent injunction.  <u>See</u> <u>eBay Inc. v. MercExchange, L.L.C.</u>, 547 U.S. 388, 390-92 (2006).  Therefore, in the event that WABCO prevails in showing infringement after the stay is lifted, it must still satisfy the four-factor test in order to receive a permanent injunction.  <u>Id.</u>  WABCO does not address the four-factor test in its papers.  Finally, the court remains free to fashion the appropriate legal and equitable relief at the conclusion of the case.  There is no basis for imposing the requested limitations at this time.

## <u>CONCLUSION</u>

For the foregoing reasons, this case will be stayed during the pendency of the USPTO's reexamination of the '537 patent.  A separate order accompanies this opinion.

/s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

Dated: June 25, 2010